# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 4:47 pm, Jun 04, 2018

| | |
|---|---|
| ANTHONY M. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV418-126 |
| ) | |
| GEORGIA SOUTHERN ) | |
| UNIVERSITY, *et al.* ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Gordon has filed this suit alleging age and disability discrimination. Doc. 1 at 4-5. He also seeks leave to proceed *in forma pauperis* (IFP). Gordon's application to proceed IFP discloses that he receives approximately $3,100 per month in retirement and Social Security Disability payments. Doc. 2 at 1. He also discloses that he has $1,800 in a checking or savings account. *Id.* at 2. Finally, he reports approximately $2,200 in monthly expenses.[1]

---

[1] It is not entirely clear that Gordon's list of expenses is exhaustive. He lists expenses for a mortgage and utilities, "loan" payments, and student loan payments. Doc. 2 at 2. He also lists automobile insurance expenses of approximately $100 per month and (apparently) undisclosed payments on approximately $1,400 in credit card debt. *Id.* He does not list any other living expenses (*e.g.*, medical expenses, food, or clothing). Nevertheless, based on the Court's approximate calculations, there is a $900 per month difference between his income and his expenses. The Court assumes,

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve him of the obligation to pay his own way where it is possible to do so without undue hardship. *Id.* at 339-40. Although not wealthy, Gordon is certainly not destitute. *Williams v. Oklahoma*, 2016 WL 4069819 at * 1 (10th Cir. July 29, 2016) (plaintiff had "sufficient income to pay the fees to file his complaint"); *Brewer v. City of Overland Park Police Department*, 24 F. App'x 977, 979 (10th Cir. 2002) (IFP denied because plaintiff's income exceeded expenses "by a few hundred dollars"); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds; plaintiff's income exceeded monthly expenses by $300 and she had nearly $700 in checking). Covering the costs of a filing fee may impose some hardship on him, but it

---

therefore, that that amount is sufficient to cover such incidental expenses. His disclosed checking or savings account balance further supports the inference that he has some discretionary income.

certainly won't be undue. *Adkins*, 335 U.S. at 339. Gordon's IFP motion should be **DENIED**.[2] Doc. 2.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x

---

[2] *See, e.g., Wilmington Trust, NA v. Scarlett*, 2017 WL 8217729 at * 2 n. 4 (N.D. Ga. Nov. 20, 2017) (discussing split of authority on question of whether denials of IFP applications are dispositive, and thus whether magistrates may enter such an order).

542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>4th</u> day of June, 2018.

/s/ J.E. Smith
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
